THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS J. PAULSON,

Plaintiff,

v.

ALLIANCEONE,

Defendant.

CASE NO. C10-1663

ORDER

14    This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 17) as

15 well as several motions from Plaintiff including a motion to strike (Dkt. No. 23), motions for

16 default (Dkt. Nos. 27, 28 & 31), two motions for court-appointed counsel (Dkt. Nos. 32 & 34),

17 and a motion for summary judgment. (Dkt. No. 33.) Having thoroughly considered the parties'

18 briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS

19 Defendant's motion to dismiss for the reasons explained herein.

20 **I.      BACKGROUND**

21    In both his complaint (Dkt. No. 1) and his amended complaint (Dkt. No. 20), Mr. Paulson

22 describes a series of traffic and criminal tickets that he has accrued. He also details various

23 incidents in which he attempted to pay those tickets to AllianceOne, a collection agency to which

24

1  the tickets were assigned. In his original complaint, Mr. Paulson brings claims for false arrest,

2  false advertising, fraud, as well as claims under the RICO Act, codified at 18 U.S.C. § 1961–

3  1968. In his second amended complaint, he alleges that he was "detained, harassed, humiliated,

4  arrested and terrorized" as well as being "made to pay more money as a falsehood of being

5  defrauded." (Dkt. No. 20 at ¶ 3.1.) Defendant now moves to dismiss pursuant to FRCP 12(b)(6)

6  for failure to state a claim on which relief can be granted.

7  **II.      APPLICABLE LAW**

8          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

9  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ---

10  U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

11  (2007)). A complaint has stated a claim "plausible on its face" when it "pleads factual content

12  that allows the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged." Id. In reviewing Defendant's motion, then, the court accepts all factual

14  allegations in the complaint as true and draws all reasonable inferences from those facts in favor

15  of Plaintiff. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) does

16  not require courts to assess the probability that a plaintiff will eventually prevail, the allegations

17  made in the complaint must cross "the line between possibility and plausibility of 'entitlement to

18  relief': if the facts are merely consistent with Defendant's liability but cannot ground a

19  reasonable inference that Defendant actually is liable, the motion to dismiss will succeed. Iqbal,

20  129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

21  **III.     DISCUSSION**

22          **A.  Motion to Dismiss**

23

24

1         The Court is unable to discern any legally cognizable claim in either of Plaintiff's

2  complaints. Plaintiff refers to racketeering in the caption of his first complaint, but does not

3  plead any of the elements of a claim under the RICO Act. Further, to the extent that Plaintiff is

4  asserting a claim based on fraud, false arrest, false advertising, harassment, or humiliation,

5  Plaintiff has not alleged any basis for federal jurisdiction. Therefore, the Court DISMISSES the

6  case.

7     **B.  Motions to Appoint Counsel**

8         Under 28 U.S.C. § 1915(e)(1), the court is authorized to appoint an attorney to represent

9  any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C §

10  1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir.1965). Thus, the Court must

11  find both that Plaintiff qualifies for IFP status and that he meets the "exceptional circumstances"

12  requirement. While Plaintiff qualifies for IFP status, the Court finds that the "exceptional

13  circumstances" requirement is not met. In particular, in light of the fact that Plaintiff has not yet

14  stated cognizable claims or established federal jurisdiction, it is premature to appoint counsel.

15  Therefore, the Court DENIES the requests to appoint counsel at this time, without prejudice.

16     **C.  Motions for Default**

17         Plaintiff has filed several motions for default. (Dkt. Nos. 27, 28 & 31.) In these motions,

18  Plaintiff argues that Defendant has not responded to the second amended complaint that he

19  served on January 18, 2011. In Defendant's motion to dismiss, however, they note that they were

20  served with the second amended complaint on December 10, 2010—before the amended

21  complaint was filed on ECF—and that the motion to dismiss is intended to address both the

22  original complaint and the amended complaint. (Dkt. No. 17 at 1.) Therefore, Defendant has not

23  defaulted or neglected its obligation to respond to Plaintiff's complaint.

24

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motions for default are DENIED. (Dkt. Nos. 27, 28 & 31.) Plaintiff's motions for court-appointed counsel are DENIED. (Dkt. Nos. 32 & 34.) Plaintiff's remaining motions are DENIED (Dkt. Nos. 23 & 33) for failure to articulate a cognizable basis for relief. Defendant's motion to dismiss is GRANTED. (Dkt. No. 17.) The Clerk is DIRECTED to close the case.

DATED this 2nd day of March 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE